# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

LAKE HAVEN MOBILE HOME OWNERS, INC.,
a Florida not-for-profit corporation,

      Plaintiff,

vs.                  CASE NO. 8:03-CV-1744-T-17MAP

ORANGELAND VISTAS, INC., d/b/a
LAKE HAVEN, a foreign corporation; and
MANUFACTURED HOME COMMUNITIES, INC.,
a foreign corporation,

      Defendants.
_____/

## ORDER

This cause is before the Court on Defendants' Motion to Determine Subject Matter Jurisdiction and for Remand, filed on March 9, 2005 (Dkt. 66), and response thereto, filed April 25, 2005 (Dkt. 80).

## BACKGROUND

On July 21, 2003, Plaintiff, LAKE HAVEN MOBILE HOME OWNERS, INC. (the "Association"), filed a complaint against Defendants, ORANGELAND VISTAS, INC., d/b/a LAKE HAVEN, and MANUFACTURED HOME COMMUNITIES, INC. (collectively, the "Defendants"), both foreign corporations, in the Sixth Judicial Circuit, Pinellas County, Florida. In that Complaint, the Association sought damages exceeding $15,000.00 for the base

rent increase, and for the unreasonableness of the increase, taking effect January 1, 2003.  (Dkt. 2)

On August 15, 2003, the Defendants filed a Notice of Removal to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332(a)(3), alleging complete diversity with the amount of controversy exceeding $75,000.00.  The Association's original Complaint was then filed with this Court on the same date.

On August 26, 2003, the Association filed a Motion for Remand (Dkt. 8) and the Defendants followed with its Response (Dkt. 11) on September 12, 2003.  This Court considered the Motion and Response by both parties and ordered the Association's Motion for Remand be denied.  (Dkt. 23)  This Court held that the Defendant had properly removed the case to the federal court because there was complete diversity among the parties and the amount in controversy exceeded the jurisdictional minimum.

On March 9, 2005, the Defendants filed a Motion to Determine Subject Matter Jurisdiction and for Remand.  In that motion, the Defendants argued that the Court's jurisdiction over this case has become improper, and sought to remand the case back to the state circuit court.  (Dkt. 66)  On April 25, 2005, the Association objected to the Defendant's request to remand the case and filed its response, which maintained that this Court continues to have proper subject matter jurisdiction over this case and asked that the Defendant's remand request be denied.  (Dkt. 80)

## STANDARD OF REVIEW

A federal district court "must remand to state court any case that was removed improvidently or without necessary jurisdiction."  <u>Campos v. Sociedad Aeronautica de Medellin Consolidada, S.A.</u>, 882 F. Supp. 1056, 1057 (S.D. Fla. 1994).  A party may challenge the court's subject matter jurisdiction at any time.  <u>Lyndonville Sav. Bank & Trust Co. v. Lussier</u>, 211 F.3d 697 (2d Cir. 2000).  In a diversity action, the amount in controversy is

determined by "its pecuniary consequence to those involved in the litigation." <u>Thomson v. Gaskill</u>, 315 U.S. 442, 447 (1942).  Aggregation of claims is proper where the defendant's obligation to the plaintiff is a joint one.  <u>Morrison v. Allstate Indem. Co.</u>, 228 F.3d 1255 (11th Cir. 2000).

## DISCUSSION

Defendants removed this case from the state court to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332(a)(3).  (Dkt. 1)  Previously, this Court held that the Association and Defendant in the instant case were of complete diverse citizenship, and as an associational action pursuant to Fla. R. Civ. P. 1.222, the Association's aggregated claims met the required amount in controversy for a diversity action.  (Dkt. 23)  Subsequently, the Florida's Second District Court of Appeal issued its opinion in <u>Amber Glades, Inc. v. Leisure Assocs. Ltd. P'hip</u>, 893 So.2d 620 (Fla. 2d DCA 2005).  The Defendants then filed this instant Motion alleging that, because of <u>Amber Glades</u>, it has become improper for the Association to continue aggregating the homeowners' claims.  Defendants ask this Court to remand the case back to the state court if it determines that aggregation of claims by the Association has in fact become improper.  The question presented here is whether the Association can continue to aggregate its claims on behalf of all mobile home owners to meet and sustain the jurisdictional requirement for this diversity action.

### Action by a Mobile Homeowners' Association

Pursuant to Fla. R. Civ. P. 1.222, a "mobile homeowners' association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all homeowners concerning matters of common interest."  In addition, an "action under this rule shall not be subject to the requirements of rule 1.220," which governs normal class action lawsuits.  <u>Id</u>.  Florida Statute § 723.075(1) states that: "[u]pon incorporation and service of the notice described in § 723.076, the association shall become the representative of the mobile homeowners in all matters relating to this Chapter."

The Association alleges in its original Complaint that the Defendants did not properly notice all mobile home owners of the rent increase and proposed rule change, thereby rendering the proposed increase/change ineffective.  (Dkt. 2)  Florida Statute §723.037 sets out specific notice requirements for a mobile home park owner to utilize when it proposes a rental fee increase or rule change.  The park owner's failure to strictly adhere to this notice requirement renders its proposed change unenforceable.  Menna v. Sun Country Homeowners Ass'n, 604 So.2d 897 (Fla. 2d DCA 1992).  Therefore, because proper notice affects all mobile home owners in this case, a dispute of whether the homeowners were properly noticed of the rent increase and rule change is a matter of common interest.

### Applicability of Amber Glades

Defendants allege in their Motion to Determine Subject Matter Jurisdiction and for Remand that the Association cannot aggregate statutory claims of the individual homeowners. Defendants primarily rely on Amber Glades for this argument.  In Amber Glades, the trial court certified the case as a class action on the defendant's motion, and ordered the association to send notices to members of the class and to permit class members to opt out.  The association there then appealed the notice order to the Florida Second District Court of Appeal.  The Court of Appeal noted that the association in Amber Glades attempted to represent all mobile home owners in an action that could be adverse to some residents or homeowners if the association prevailed.  The issue in Amber Glades was whether the trial court had the discretion to order such notices to be sent when there were concerns of potential conflict of interest between the association and some residents or homeowners.  The Court of Appeals there answered in the affirmative.

It is well established that a mobile homeowners' association may bring an action on behalf of all homeowners on matters of common interest, which this Court determines to include proper notice.  Fla. R. Civ. P. 1.222; Fla. Stat. § 723.075; Menna, 604 So.2d 897 (Fla. 2d DCA 1992).  In this case, the Defendants failed to show how some homeowners might be adversely affected if the Association prevails, or that some homeowners held disparate interests as the Association regarding the proper notice issue, which in turn cast serious doubts on the

Defendants' argument that individual homeowners should be given opportunity to opt out of this litigation on a matter of common interest. Therefore, this Court concludes that <u>Amber Glades</u> is factually distinguishable and its limited holding does not apply here.

### Aggregation of Claims

Florida Statue § 723.033 provides the Association various remedies, including invalidation of the rent increase, if this Court finds that the Defendants improperly noticed the affected homeowners. In their motion, Defendants point out that approximately one-third of all mobile homeowners have consented to the rent increase by signing long-term leases, and argue that the homeowners do not have a "single, unified, indivisible interest" in the outcome of this case because they all have separate lease agreements. This Court disagrees.

Pursuant to the Florida Mobile Home Act, proper notice must be given in order for the rent increase to become effective. Fla. Stat. § 723.037. The Defendants cannot circumvent this process by simply obtaining consent for the rent increase from individual homeowners. In addition, Defendants' proposed rent increase is based on the lot location. The effective rent increase for one homeowner's lot could presumably affect the future rental obligation of similar neighboring lots. A mobile home owner's future lot rental amount cannot be calculated based on lots whose rent was increased inappropriately because of improper notice. Furthermore, homeowners who have entered into long-term leases do not lose their claims against the Defendants in the event that the rent increase is declared invalid because of the improper notice. This raises the issue of whether those long-term leases signed by homeowners were valid, which is not decided here.

Defendants have an affirmative obligation to comply with the notice requirement set forth in the Florida Mobile Home Act and properly notify all homeowners of any proposed changes, especially with respect to rent increases and rule amendments. If the Association prevails here, the Defendants will not be able to enforce the rent increase. As the Defendants demonstrated in an earlier motion opposing the Association's request for remand, this amount in controversy well exceeds the jurisdictional minimum. (Dkt. 11 at 3)

For the foregoing reasons, this Court holds that all homeowners continue to have a unified and indivisible interest in the outcome of this case, and aggregation of the Association's claims on behalf of the homeowners is still appropriate to meet the jurisdictional requirement in this diversity action.  Accordingly, it is

**ORDERED** that the Defendants' Motion to Determine Subject Matter Jurisdiction and for Remand (Dkt. 66) be **DENIED**.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 28th day of May, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record