**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LAKE HAVEN MOBILE HOME OWNERS, INC.,
a Florida not-for-profit corporation,

    Plaintiff,

vs.                                                 CASE NO. 8:03-CV-1744-T-17MAP

ORANGELAND VISTAS, INC., d/b/a
LAKE HAVEN, a foreign corporation; and
MANUFACTURED HOME COMMUNITIES, INC.,
a foreign corporation,

    Defendants.
_____/

## ORDER

This cause comes before the Court on the following motion, response, and supporting document:

1. Plaintiff's, LAKE HAVEN MOBILE HOME OWNERS, INC. (the "Association"), Motion for Rehearing (Relief from Order) on Defendants' Motions for Default Summary Judgment, filed on March 7, 2005 (Dkt. 63);
2. Defendants', ORANGELAND VISTAS, INC., d/b/a LAKE HAVEN, and MANUFACTURED HOME COMMUNITIES, INC. (collectively, the "Defendants"), Motion for Reconsideration, or in the alternative, for Order Determining Claims and Defenses Maintainable by Plaintiff on Behalf of Class Members and for Notice to Class Members, filed on March 9, 2005 (Dkt. 64);
3. Defendants' Notice of Filing Affidavit of Marilyn Bigelow in Support of Defendants' Motion for Reconsideration, filed on March 9, 2005 (Dkt. 65);
4. Defendants' Memorandum of Law In Opposition to Plaintiff's Motion for Rehearing on Order Granting In Part, Defendants' Motion for Summary Judgment, filed on March 17, 2005 (Dkt. 67);
5. Association's Response to Defendants' Motion for Reconsideration, or in the alternative, for Order Determining Claims and Defenses Maintainable by Plaintiff on Behalf of Class Members and for Notice to Class Members, filed on April 25, 2005 (Dkt. 81);
6. Association's Supplement to Motion for Rehearing (Relief from Order) on Defendants' Motions for Default Summary Judgment, filed on April 25, 2005 (Dkt. 82);
7. Defendants' Memorandum of Law In Opposition to the Plaintiff's Supplement to Its Motion for Rehearing on Order Granting In Part, Defendants' Motion for Summary Judgment, filed on May 6, 2005 (Dkt. 84); and
8. Association's Response to Defendants' Memorandum In Opposition to the Association's Supplement to Its Motion for Rehearing on Defendants' Motions for Summary Judgment, filed on May 18, 2005 (Dkt. 88).

CASE NO. 8:03-CV-1744-T-17MAP

**BACKGROUND**

Defendants previously filed Motions for Partial Summary Judgment on Count I, II, and VI (Dkt. 35), and Count III through V (Dkt. 53) of the Association's Complaint. On February 23, 2005, this Court denied the Defendants' summary judgment motions as to Counts I, II, III, V and VI, but granted the motion as to Count IV. (Dkt. 61) Count IV of the Association's Complaint was dismissed because Fla. Stat. Ch. 723 required parties to mediate prior to filing an action and the Court found that the Association in its response to the Defendants' summary judgment motions "set forth no facts" to prove it had mediated the late fee increase issue. Id.

On March 7, 2005, the Association filed a motion for reconsideration based on Rule 60(b) of the Federal Rules of Civil Procedure. As basis for reconsideration, the Association asserts that, under Fla. Stat. Ch. 723, mediation is an alternative to litigation and not a precondition to filing a lawsuit. In addition, the Association points out in its Supplement to Motion for Rehearing that the Defendants have already admitted to mediation on the late fee increase issue in their Answer to paragraph 65 of Count IV of the Association's Complaint.

On March 9, 2005, the Defendants filed a motion for reconsideration based on Rule 59(e) of the Federal Rules of Civil Procedure. As basis for reconsideration, the Defendants cited Florida's Second District Court of Appeal's recent opinion in Amber Glades, Inc. v. Leisure Assocs. Ltd. P'hip, 893 So.2d 620 (Fla. 2d DCA 2005), decided on February 9, 2005, which also involved disputes between a mobile home park owner and mobile homeowners. Specifically, because of Amber Glades, the Defendants maintain that the Association is not the appropriate party to represent all homeowners in this lawsuit. In addition, also based on Amber Glades, the Defendants ask the Court, in the event that it determines the Association is the proper party in bringing this action, to determine claims and defenses maintainable by the Association on behalf of class members and for notice to class members.

**STANDARD OF REVIEW**

The proper standard of review for the Court when considering a motion for rehearing is set forth in Prudential Securities, Inc. v. Emerson, 919 F. Supp. 415 (M.D. Fla. 1996). The Prudential court held that, "[a] court will not alter a prior decision absent a showing of 'clear and obvious error' where 'the interests of justice' demand correction." Id. at 417 (quoting American Home Assurance Co. v. Glenn Estess & Assoc., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985)).

2

The motion should also demonstrate why the Court should reconsider its prior decision, and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294 (M.D. Fla. 1993). The Court will not reconsider its decision when a motion does not raise new issues, but only relitigates what has already found to be lacking. See Government Personnel Serv., Inc. v. Government Personnel Mutual Life Ins. Co., 759 F. Supp. 792 (M.D. Fla. 1991).

## DISCUSSION

Count IV

In its Motion for Rehearing, the Association argues that if the Court were to read the entire Fla. Stat. Ch. 723 in context, it would find that mediation is not a precondition to filing an action. The Association maintains that the word "may" in § 723.037(5)(a), § 723.038(1), and the word "shall" in § 723.037(6), as well as Rule 61B-32.004(6) (sic) [the Rule cited in the Association's motion refers to 61B-32.004(7)] of the Florida Administrative Code, taken together stand for the proposition that mediation is not a precondition to litigation. In other words, the Association asserts that mediation under Chapter 723 is optional and not a requirement prior to filing a lawsuit. In addition, the Association argues that if mediation were required prior to filing an action, one party in a dispute could simply refuse to participate in mediation and avoid any litigation on the issue of concerns. This Court disagrees.

Fla. Stat. § 723.004(5) states that "[n]othing in Chapter 723 shall be construed to prevent the enforcement of a right or duty under [sections] 723.033, . . . 723.037 [or] 723.038 . . . by civil action after the party has exhausted its administrative remedies, if any." Furthermore, Fla. Stat. sections 723.037 and 723.038 contain detailed procedural processes that are administrative remedies specifically provided for the purpose of resolving disagreements among parties. Additionally, Fla. Stat. § 723.081 states, in pertinent part, that "[a]fter mediation . . . has failed to provide a resolution of the dispute, either party may file an action in . . . court." Moreover, Rule 61B-32.004(7) of the Florida Administrative Code cited by the Association, which states "[a] decision by the Division[1] regarding the sufficiency of a petition to initiate mediation does not constitute an adjudication of any issue arising under Section 723.038, Florida Statutes," does not supports the Association's contention that mediation is optional under the statutory scheme.

---

[1] Refers to the Division of Florida Land Sales, Condominiums, and Mobile Homes of the Department of Business and Professional Regulation

3

The Association's emphasis on the words "may" and "shall" referred to above, and its conclusion that the mediation requirement could prevent issues of concern from being litigated by a party refusing to participate, are misguided. Proper reading of Chapter 723 shows that the statute provides parties their respective rights in the event of a dispute. In addition, contrary to the Association's interpretation, the statute does not in any way preclude one party's ability to initiate a lawsuit if the other party refuses to participate in mediation. Failure to participate in mediation would only foreclose the refusing party's ability to recover attorney's fees, regardless of whether that party ultimately prevails. Furthermore, whether a party could ultimately recover attorney's fees does not diminish a party's ability to file an action in the event that mediation failed to provide a satisfactory resolution to the issues of concern. The recovery of attorney's fees depends only on whether a party has previously attempted to mediate but could not resolve its disagreements through mediation. Accordingly, a review of the statute shows, as this Court has previously determined, that mediation is required prior to filing an action pursuant to Fla. Stat. Ch. 723. (Dkt. 61)

In its Supplement to Motion for Rehearing, the Association points out that the Defendants in their Answer under Count IV of the Association's Complaint have admitted to mediation on the late fee increase issue. In its Memorandum of Law In Opposition of the Association's Supplement to Motion for Rehearing, the Defendants contend that the admission to mediation under Paragraph 65 did not specifically pertain to the late fee issue, and that they were "compelled to admit because a mediation did, in fact, occur between the parties *regarding other issues*" (emphasis original). (Dkt. 84 at 2)

A closer reading of the Association's Complaint reveals that the language contained in Paragraph 65, while in and of itself does not provide a clear indication of when and what the parties mediated, when read in context within Count IV of the Complaint, however, the mediation claimed there clearly refers to the late fee issue. Additional clarification should have been provided if the Defendants wished to qualify its admission to the Association's mediation claim under Count IV. Furthermore, the Defendants attempted to distinguish their admission under Count IV of the Association's claims of mediation with admissions under the other Counts. In comparing the other admissions to the Association's claims of mediation, the Defendants' admission to Paragraph 65 is exactly the same as the others except a date was not specifically provided. The mediation requirement set forth in Fla. Stat. Ch. 723 requires that a

4

party attempted mediation before commencing a lawsuit.  The statute does not indicate that a specific date must be furnished to establish that the parties have in fact mediated.  In the interest of justice, the Court is inclined to find that the Defendants have admitted to the Association's claim of mediation on the late fee increase issue and reinstate Count IV of the Association's Complaint.

      Defendants' Motion for Reconsideration

In the Order on Defendants' Motion to Determine Subject Matter Jurisdiction and for Remand, the Court has already discussed the inapplicability of Amber Glades to the factual situation of this case.  (Dkt. 91)  It is not necessary for the Court to repeat the same analysis here.  Therefore, the Court finds no new basis to reconsider the Defendants' summary judgment motions.  In the alternative, because the Association remains the proper party to bring this action on behalf of all homeowners pursuant to Fla. R. Civ. P. 1.222, the Court determines that the Association's claims and defenses continue to be those stated in Fla. Stat. Ch. 723.  Accordingly, it is

      **ORDERED** that the Defendant's Motion for Reconsideration, or in the alternative, for Order Determining Claims and Defenses Maintainable by Plaintiff on Behalf of Class Members and for Notice to Class Members (Dkt. 64) be **DENIED**, and the Association's Motion for Rehearing on Defendants' Motions for Default Summary Judgment (Dkt. 63), along with its Supplement to Motion for Rehearing (Dkt. 82), be **GRANTED**, and Count IV of the Association's Complaint be **REINSTATED**.

      **DONE and ORDERED** in Chambers, in Tampa, Florida, on this 27th day of June, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record