UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAKE HAVEN MOBILE HOME OWNERS, INC.,
a Florida not-for-profit corporation,

        Plaintiff,

v.                                   CASE NO.  8:03-CV-1744-T-MAP

ORANGELAND VISTAS, INC., d/b/a LAKE
HAVEN, a foreign corporation, and
MANUFACTURED HOME COMMUNITIES, INC.,

        Defendant.
_____/

**<u>ORDER</u>**

At the final pretrial conference on October 19, 2005, both sides agreed a judicial interpretation of Florida's statutory scheme for noticing lot rental increases or rule changes is the lynchpin of their dispute and a decision on this legal issue could potentially resolve the lawsuit. Both sides also concede the prior pleadings in the case do not sufficiently set out their competing concerns. In view of these developments, and with the concurrence of the parties, the Court will delay entering a final pretrial order and instead propound interrogatories to narrow the issues in the case.[1]

---

[1] The Eleventh Circuit has repeatedly reminded trial judges that they have the power and duty to define the issues, particularly in complex cases like this one. *See generally Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998); MANUAL FOR COMPLEX LITIGATION, FOURTH, §§ 10.1, 11.33 (judges "should probe into the parties' claims and defenses and seek specific information including proof about damages and causation) (emphasis in original) and 11.6 (one of the purposes of final pretrial conference is to improve the quality of the trial through more thorough preparation, which includes identifying and potentially resolving important issues).

*A. Notice*

The parties are *on notice* that the resolution of any outstanding issue presented by the interrogatories may impact the course of the litigation. In other words, and as discussed at the final pretrial conference, the Court will treat the parties responses to the interrogatories as invitations to renew summary judgment motions on matters addressed. And, the Court will, if necessary, apply Rule 56 to these issues after the parties have responded accordingly. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (district courts are widely acknowledged to possess the power to enter summary judgment *sua sponte*); *Massey v. Congress Life Ins. Co.*, 116 F.3d 1414, 1417 (11th Cir. 1997) (district courts unquestionably have power to trigger summary judgment on their own initiative provided the court ensures that the parties have adequate notice that they must bring forward all their evidence as required under Fed.R.Civ.P. 56). Thus, the parties should govern themselves accordingly.

*B. Court's interrogatories*:

> *Plaintiff*

The Plaintiff shall, no later than **November 14, 2005**, serve upon Defendant and file with the Clerk its answers to the following interrogatories as to each cause of action:

> 1. State the claim and the material facts supporting the claim;
>
> 2. State the legal basis supporting that claim including the elements required to sustain it;
>
> 3. State the specific relief requested by that claim and the legal basis for the demand.

2

*Defendant*

The Defendant shall, no later **December 2, 2005**, serve upon Plaintiff and file with the Clerk its reply to the Plaintiff's interrogatory responses. In addition, for any affirmative defense the Defendant raises to a claim Plaintiff makes, the Defendant is to specify:

1. The cause of action and the affirmative defense applicable;

2. A brief statement of the material facts supporting the defense (if applicable);

3. The legal basis supporting the affirmative defense;

4. And as to those affirmative defenses the Defendant seeks to raise that the Plaintiff claims are untimely, the Defendant is to state reasons why the affirmative defense should be permitted at this late date.

If necessary, the Plaintiff may reply to the Defendant's responses regarding the Defendant's affirmative defenses no later than **December 11, 2005**.

*C. Final Pretrial Conference*

The Court will continue the final pretrial conference on **December 12, 2005**, at **9:30 a.m.** in Courtroom 11B of the Sam Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida. Lead trial counsel are directed to attend the conference pursuant to Local Rule 3.06(d).

*D. Trial Date*

The case is scheduled for a five day bench trial beginning **January 23, 2006, at 9:00 a.m.**, in Courtroom 11B of the Sam Gibbons United States Courthouse, 801 North

Florida Avenue.

       DONE AND ORDERED in chambers at Tampa, Florida on this 20th day of October, 2005.

                                                    MARK A. PIZZO
                                                  UNITED STATES MAGISTRATE JUDGE